UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

THE GUARDIAN NEWS, INC.,

                Plaintiff,

     -against-

VILLAGE OF LARCHMONT, New York,

               Defendants.

-------------------------------------------------------x

**ORIGINAL**

07 Civ. ( ) 3804

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff THE GUARDIAN NEWS, INC., by its attorneys Lovett & Gould, LLP, for its complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for compensatory damages, as well as related declaratory and injunctive relief, proximately resulting from Defendant's regulatory ban on the placement of newsracks on public property for the purpose of distributing free-of-charge the weekly newspaper published by Plaintiff, which ban violates Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343, 2107.

1

## THE PARTIES AND THE MATERIAL FACTS

3. Plaintiff THE GUARDIAN NEWS, INC. is a New York domestic business corporation having its principal office for the conduct of business at 251 North Avenue, New Rochelle, New York. On a weekly basis Plaintiff publishes and disseminates, by *inter alia*, use of so-called newsracks, a free newspaper known as "The Westchester Guardian". That publication focuses on and reports about amongst other things municipal corporate corruption.

4. Defendant VILLAGE OF LARCHMONT, New York (hereinafter "Village"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. The Village has adopted and enforces the following code provisions which provide in pertinent respect:

"**§245-13. Construction and use of sidewalks.**

\*      \*      \*

C. Interference with sidewalks. No sidewalks or any part

thereof shall be taken up, in whole or in part, for any purpose

whatsoever unless a permit so to do has been issued. . .


D. It shall be unlawful for articles for sale or display to remain

on the public sidewalk at any time without a permit approved by

the Board of Trustees."


"**245-19. Liability of owner**

It shall be the duty of the owner of every lot or piece of land in the

2

Village of Larchmont to keep the sidewalks in front of the premises owned by him/her, them or it at all times. . .free from all obstructions or encumbrances so as to permit the public use thereof in any easy and commodious manner."

## AS AND FOR A FIRST CLAIM

5. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

6. Since Sections 245-13 and 245-19 completely ban the placement of newsracks on sidewalks and/or public property within the Village, that code provision violates Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

7. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

8. Sections 245-13 and 245-19 on their face constitute an impermissible prior restraint (without benefit of any time, place and/or manner limitations) on Plaintiff's exercise of its rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM

9. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

10. Under the premises Sections 243-13 and 245-19 have chilled Plaintiff in the exercise of its rights as so guaranteed, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

a. Declaring Section 245-13 and 245-19 of the Village Code violative of Plaintiff's First Amendment rights,

b. Ordering the Village to enact, consistent with Plaintiff's rights as guaranteed by the First Amendment, a code provision concerning the placement of newsracks on public property within the Village,

c. Permanently enjoining Defendant from enforcing as against Plaintiff Sections 245-13 and 245-19 of its code,

d. Awarding such compensatory damages as the jury may determine,

e. Awarding reasonable attorney's fees and costs, and,

f. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       May 7, 2007

LOVETT & GOULD, LLP
By: _____
    Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401